# EXHIBIT A

## **CONFIDENTIALITY AGREEMENT**

This CONFIDENTIALITY AGREEMENT (the Agreement") is made this __13 TH__ day of __NOVEMBER__ by and between FOCAL POINT, L.L.C., a Delaware corporation, and __KEN CZECH__.

1. Definitions

    (a) "I" means the individual identified above, who is also referred to by the use of other first person pronouns, such as me and my.

    (b) "Company" means FOCAL POINT, L.L.C., its successors and assigns, and any present or future subsidiary or affiliate.

    (c) "Confidential Information" means information or material (1) which is not generally available to or used by others, or (2) the utility or value of which is not generally known or recognized as standard practice, whether or not the underlying details are in the public domain. "Confidential Information" includes (1) information or material or items which relate to FOCAL POINT's know how, compounds and compositions, techniques, research and development data, pricing, customer lists, accounting and other business data, financial records, specifications, drawings, designs, inventions, samples, tooling, components, formulations, sketches, descriptions, product information, systems, methods, operating procedures, marketing practices, suppliers, catalogues, data and other material relating to FOCAL POINT's business, (2) information qualifying as trade secrets as defined in the Illinois Trade Secrets Act, 765 ILCS 1065/2, and (3) any information of the type described above which FOCAL POINT obtained from another party and which FOCAL POINT treats as proprietary or designates as confidential, whether or not owned or developed by FOCAL POINT.

(d) "Competitive Business" means any business or enterprise which competes, directly or indirectly, with the Company, including but not limited to the business of designing, developing, tooling, manufacturing, assembling and selling recessed, surface and suspended architectural fluorescent, incandescent, LED, HID or cold cathode lighting equipment similar to those products found within the Focal Point line.

2. Background

Company manufactures lighting fixtures and other lighting parts and accessories. I have been employed by Company as a VP PROD. DEV, and in such position, have acquired and may continue to acquire confidential information about the operations and affairs of Company. Company wishes to ensure the preservation of all such confidential information, and I, as a condition of continued employment, wish to sign this Agreement, upon the terms and conditions herein set forth.

3. Restrictions On Use Of Confidential Information. FOCAL POINT agrees to disclose, and EMPLOYEE agrees to receive, Confidential Information on the following terms and conditions:

(a) EMPLOYEE shall hold the Confidential Information in strict confidence, and use it solely for his/her individual work activities. EMPLOYEE shall not disclose the Confidential Information to subordinates, co-workers, or to others outside the Company without the prior approval of an authorized representative of FOCAL POINT.

(b) Confidential Information shall not include such information which was in the public domain prior to disclosure to EMPLOYEE and the utility or value thereof is generally known or recognized as standard practice. Any combination of known information and Confidential Information shall not qualify to be within this exclusion unless the combination of such is within this exclusion.

4. <u>Nondisclosure</u>. EMPLOYEE acknowledge that the Confidential Information is Company's valuable and unique asset, and that use or disclosure of the Confidential Information could cause irreparable harm and loss to the Company. Therefore, EMPLOYEE agrees that he/she will not directly or indirectly use, exploit, copy, disclose to any third party, or use Confidential Information for their own benefit, or the benefit of any third party, for any reason during the period of employment or anytime thereafter, including in pursuit of any Competitive Business. At Company's request, EMPLOYEE agrees to deliver to Company all documentation containing Confidential Information, and any copies or records thereof, together with any tools, equipment, and parts fabricated or assembled with Confidential Information, which he/she acknowledge belong solely and exclusively to Company, including, without limitation, any and all patent, copyright, or trademark rights in connection therewith.

5. <u>Noncompetition</u>

I agree that as long as I am an employee of Company, and for a period of two (2) years after I depart from the Company under any circumstances, I will not, directly or indirectly:

(i) engage or become interested, as owner, officer, director, employee, partner, investor, broker, contractor, or in any other capacity, in the operation, management, or conduct of any Competitive Business; or

(ii) solicit for employment or employ, any employee of Company in any Competitive Business.

6. <u>Ownership</u>. EMPLOYEE acknowledges that all goods and services created in relation to their employment are to be created at FOCAL POINT's instance and expense. The goods and services, including all intermediate and partial versions of them, as well as all documentation, materials, samples, notes, outlines and the like, created in connection therewith, and any formulas, processes, ideas, inventions, know-how or techniques, and any other information generated or created with the assistance of EMPLOYEE (collectively the "Work Product"), and the copyright, patent, trademark, trade secret, and all other proprietary rights in the Work Product, will be the sole property of FOCAL POINT. Ownership will inure to the benefit of FOCAL POINT from the date of the conception, creation, or fixation of the Work Product in a tangible medium of expression, as applicable.

7. <u>Relief</u>

I have carefully read and considered the provisions of Sections 3, 4 and 5 of this Agreement and agree that they are fair, reasonable, and reasonably required to protect the interest of Company. If at anytime I violate, or Company in good faith believes I might violate, Sections 3, 4 or 5, the Company will be entitled to ex parte injunctive relief. This remedy is in addition to any other remedy to which Company is entitled under applicable law. In the event that any provision of this Agreement is held invalid or unenforceable, in whole or in part, this Agreement will be deemed amended to delete or modify, as necessary, the invalid or unenforceable provision, and to alter the remainder of the Agreement in order to render it valid and enforceable to the fullest extent possible.

8. <u>Waiver</u>. No failure or delay by FOCAL POINT in exercising any right, power, or privilege under this Agreement shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege.

9. <u>Binding Effect</u>

The restrictions and obligations of this Agreement shall survive my employment by Company and shall continue to bind, and insure the benefit of, me, Company and our respective heirs, legal representatives, successors and assigns. I understand that this Agreement does not create an obligation on Company or any other person to continue my employment.

10. <u>Notice</u>

Any notice contemplated by this agreement will be sufficient if it is sent certified or registered mail, first-class postage prepaid, to me at my home address listed below, or to Company as its principal office in Chicago, Illinois.

11. <u>Governing Law</u>

This Agreement shall be governed and interpreted in accordance with the laws of the state of Illinois, and in any litigation in connection with, or enforcement of this Agreement, I waive change of venue and consent and confirm personal jurisdiction on the state and federal courts located within the state of Illinois.

12. <u>General</u>

No modification or waiver of any provision of this Agreement will be effective against Company unless it is in writing and signed by an authorized officer of Company. A waiver of any provision of this Agreement will not be deemed a waiver of any other provision, nor a waiver of any similar provision at a subsequent time.

IN WITNESS WHEREOF, Company and I have executed this Agreement as of the day and year first above written.

Focal Point, LLC.                                Employee

By: *M. Soto*                                    By: *[signature]*

                                                                3 WARBLER WAY
                                                                Street Address

                                                                 DARTMOUTH, MA 02747
                                                                City/Town, State, Zip